# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| TRACY LYNN HARRIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:12-cv-01204-JDB-egb |
| RANDY LEE, | ) |
| Respondent. | ) |

## ORDER TO MODIFY THE DOCKET AND
## DENYING MOTION TO ALTER OR AMEND JUDGMENT
## (PETITION FOR REHEARING)

Before the Court is the "Motion to Alter or Amend Judgment [pursuant to] Rule 59(e) (Petition for Rehearing)," filed by Petitioner, Tracy Lynn Harris, Tennessee Department of Correction ("TDOC") prisoner number 317389, who is currently incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee. (Mot. to Alter or Amend J., *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 66.) For the reasons that follow, the motion is DENIED.

## I.  BACKGROUND

Harris is serving a sentence of life imprisonment without the possibility of parole for felony murder and a concurrent term of twenty years at 100 percent for an aggravated rape. Those sentences were imposed pursuant to a plea agreement that Harris entered into in 2000 to avoid the possibility of a death sentence if the case had gone to trial. Harris subsequently challenged his judgment for aggravated rape on the ground that it did not contain a statutorily mandated term of lifetime community supervision upon his release from prison—a release that will not occur

because he will never be eligible for parole on the murder conviction. After a state court ordered that the aggravated rape judgment be amended to include that provision, Petitioner launched a series of assaults on his guilty plea as invalid due to the State's alleged breach of the plea agreement.

After failing to obtain relief in the state courts, Harris filed a *pro se* petition under 28 U.S.C.A. § 2254 for writ of habeas corpus by a person in state custody (the "Petition") on August 31, 2012, in which he raised the following claims:

1. "Denial of Assistance of Appointed Counsel" (§ 2254 Pet. at PageID 5, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 1; *see also id.* at PageID 5-6);

2. "Breached Plea Agreement" (*id.* at PageID 6; *see also id.* at PageID 6-8);

3. "Denial of a Full and Fair Hearing/sentence Hearing" (*id.* at PageID 8; *see also id.* at PageID 8-9); and

4. "Illegal Arrest" (*id.* at PageID 10; *see also id.* at PageID 10-11).

In an order issued on October 2, 2012, the Court, *inter alia,* directed Respondent, who was at the time Roland Colson, to file the complete state-court record and a response to the Petition. (Order, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 5.) Harris was instructed that any reply should be filed within thirty days of service of the answer. (*Id.* at 4.)

On December 14, 2012, Warden Colson filed most of the state-court record. (Resp't's Not. of Filing of Documents, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 24.) On December 17, 2012, Respondent made a corrected filing of documents. (Resp't's Not.

of Corrected Filing, *id.*, ECF No. 26.)  The Warden filed his answer on December 21, 2012. (Answer, *id.*, ECF No. 28.)

> The Court issued an order on November 3, 2014, noting that
>
> Petitioner has filed numerous state-court challenges to his convictions and sentences.  The Warden's presentation of the record makes it unreasonably difficult to locate the documents relating to each of those challenges. Respondent's Notice of Filing of Documents (ECF No. 24) refers to the various documents by Addendum, and by document number within several of the addenda. There is no reference to the ECF Number of any of the filed documents, and the description of the twenty-nine documents filed at ECF No. 24 does not allow the Court to identify the proceeding to which each document refers.

(Order at 1-2, *id.*, ECF No. 47.)  The order noted that "Addendum 2 refers to a direct appeal. Petitioner filed no direct appeal of his convictions."  (*Id.* at 2 n.2.)  The Order also stated that,

> [a]lthough it is not possible to determine with certainty, given the limitations of the index, it appears that Respondent has not filed the complete state-court record. The transcript of the guilty plea does not appear in the record.  No copy of the amendment judgment, which allegedly imposed additional conditions on the conviction for aggravated rape, appears in the record.

(*Id.* at 2.)  Respondent was ordered "to file an amended index to the state-court record within twenty-eight days of the date of entry of this order that includes, in addition to the information provided in the original and corrected notices of filing, the ECF Number of each document filed" and to file the missing portions of the state-court record, including the Lake County, Tennessee, habeas petition.  (*Id.*)

On December 1, 2014, Respondent, who was at that time James M. Holloway, filed an index to the state-court record, which identified where the amended judgment could be found. (Resp't's Index to the State-Court Record at 2, *Harris v. Lee*, No. 1:12-cv-01204-JDB-egb (W.D.

3

Tenn.), ECF No. 48.)[1]  Warden Holloway also stated that, "from [his] review of the state-court records, the petitioner does not appear ever to have presented the transcript of his guilty-plea hearing to the Tennessee state courts in any of his various attacks on the legality of his plea."  (*Id.* at 4.)  Also on December 1, 2014, the Warden filed the record pertaining to the Lake County habeas petition.  (Resp't's Not. of Filing of Documents, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 49.)

On December 10, 2014, Harris filed a notice of Respondent's failure to file the guilty-plea transcript and a motion asking that he be ordered to do so.  (Not. [of] Resp't's Failure to File Missing Portions of the Record, *id.*, ECF No. 50; Mot. for Complete Filling [sic] of the Record, *id.*, ECF No. 51.)  Holloway responded in opposition to the motion on December 11, 2014.  (Resp't's Resp. in Opp'n to Pet'r's Mot. for Complete Filing of the Record, *id.,* ECF No. 52.)  On December 19, 2014, Harris filed a reply without seeking leave of Court.  (Pet'r's Reply in Supp. of Mot. for Complete Filling [sic] of the Record, *id.*, ECF No. 54.)

On April 9, 2015, Harris moved for leave to file a reply in further support of the Petition after Respondent files the guilty-plea transcript.  (Mot. for Leave to File, *id.,* ECF No. 55.)  The Warden did not respond to that motion.  On April 17, 2015, Harris filed his reply, without waiting for a decision on his motion for leave to file.  (Reply, *id.,* ECF No. 56.)

In an order issued on May 5, 2015, the Court struck Harris's unauthorized reply in support of the motion to compel, granted the motion to compel Respondent to file the guilty-plea transcript and ordered him to do so within twenty-eight days, and denied Harris' motion to file an untimely

---

[1] Respondent's index did not correct the erroneous reference to a direct appeal.

reply after receipt of the transcript. (Order, *id.*, ECF No. 57.) The Court exercised its discretion to consider the reply that Harris filed on April 17, 2015. (*Id.* at 5 n.4.)

On May 13, 2015, Harris filed a document that purported to show that extraordinary circumstances prevented him from filing a timely reply. (Extraordinary Circumstances Supporting Pet'r's Late Filing of Reply, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 58.) On May 28, 2015, the Warden filed a notice that the recording of the guilty-plea hearing could not be located. (Not. of Filing, *id.*, ECF No. 59.)

The Court issued an order on June 19, 2015, that, *inter alia,* denied the Petition, denied a certificate of appealability, certified that an appeal would not be taken in good faith, and denied leave to proceed *in forma pauperis* on appeal. (Order, *id.*, ECF No. 62.) The order concluded that claims two and four were time barred insofar as they challenge Harris' conviction for felony murder. (*Id.* at 21.) Portions of claim one were found not to be cognizable in a § 2254 petition, and the remainder of claim one was held to be procedurally defaulted. (*Id.* at 25-27.) The Court denied relief on claim two because it was not presented as a federal constitutional claim, as Harris failed to exhaust any federal claim in state court, and because he did not show that the state court's harmless error analysis was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. (*Id.* at 27-38.) Claim three was held to be not cognizable in a § 2254 petition. (*Id.* at 38.) Claim four was found to be barred by procedural default. (*Id.* at 39.) A judgment was entered on June 26, 2015. (J. in a Civil Case, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 64.)

On July 1, 2015, Harris filed his "Motion to Alter or Amend Judgment [pursuant to] Rule 59(e) (Petition for Rehearing)." (Mot. to Alter or Amend J., *id.*, ECF No. 66.) The Warden

responded to the motion on July 13, 2015. (Resp. in Opp'n to Pet'r's Mot. to Alter or Amend J., *id.*, ECF No. 67.)[2]

## II. THE LEGAL STANDARD

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks & citations omitted); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Rule 59(e) "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided . . . ." *Wilhite v. Corr. Corp. of Am.,* No. 09-2196 B, 2010 WL 2640511, at *1 (W.D. Tenn. June 29, 2010) (internal quotation marks omitted).

## III. ANALYSIS

In his motion to alter or amend, Harris challenges the resolution of his claim two, the alleged breach of plea agreement. He argues that the Court made four erroneous factual findings. (Mot. to Alter or Amend J. at 1, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF

---

[2] On September 28, 2015, Harris notified the Clerk of his new address. (Not. of Change of Address, *id.*, ECF No. 68.) The Clerk is **DIRECTED** to substitute NECX Warden Randy Lee for James M. Holloway as Respondent in this action. *See* Fed. R. Civ. P. 25(d).

No. 66.) Petitioner's presentation of these findings is confusing, both because his numbering is not consistent and because he commingles the Court's discussion of deficiencies in the claims contained in the Petition with his presentation of those claims to the state courts. The Court will attempt to address each of the arguments presented by Harris.

The inmate first notes that the Court failed to acknowledge the reply brief and the petition for rehearing that he filed during his post-conviction appeal. (*Id.* at 2.) Harris states that "[i]t appears this court issued it's [sic] order with the apprant [sic] presumption that, only the initial brief was filed." (*Id.*) Although his motion does not make it clear, the various record citations suggest that Harris is referring to the appeal from the denial of his second post-conviction petition. The Court's summary of that proceeding did not mention the various briefs and petitions he had filed with the Tennessee Court of Criminal Appeals ("TCCA") (*see* Order at 8, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 62), although the Court was fully familiar with the state-court record. The dismissal order did not purport to exhaustively catalogue every filing Harris made with the various courts in the fifteen years since his guilty plea, and the fact that the Court did not mention a particular filing does not mean that it was unaware of its existence.

Next, Harris challenges the Court's finding that "the alleged breach of contract is not cognizable in a federal habeas petition because petitioner has not alleged a violation of the United States Constitution." (Mot. to Alter or Amend J. at 2, *id.*, ECF No. 66 (quoting Order at 28, *id.*, ECF No. 62).) Petitioner cites language in his reply brief on the post-conviction appeal and in his petition for rehearing on that same appeal to show that he did raise a constitutional claim. (*See id.* at 2-4.) Harris' filings with the state courts have no bearing on whether claim two in the Petition arose under federal law. That claim, on its face, does not allege a violation of the United States

7

Constitution or federal law and, therefore, it cannot be addressed in a § 2254 petition. (*See* § 2254 Pet. at PageID 6-7, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 1.)

Harris also relies on his post-conviction reply brief and petition for rehearing to show that he exhausted claim two as a federal constitutional claim. (*See* Mot. to Alter or Amend J. at 4, *id.*, ECF No. 66.) This argument is somewhat persuasive. In its dismissal order, the Court explained why Harris' brief to the TCCA on the post-conviction appeal did not fairly present a federal constitutional claim. (Order at 28-29, *id.*, ECF No. 62.) The Court concluded by noting "[t]hat the TCCA construed the second post-conviction appeal as raising a constitutional claim does not cure Harris' failure to fairly present a federal constitutional claim to the state courts." (*Id.* at 29-30.)

On reconsideration, the Court finds that Harris' second post-conviction petition and his reply brief arguably alerted the TCCA to the federal nature of his claim. Among the claims in the post-conviction petition was "BREACHED PLEA AGREEMENT, in violation of the due process clause of the Tennessee and UNITED States constitutions." (Pet. for Relief from Conviction or Sentence at 3, *Harris v. State,* No. 20CR1470 (Carroll Cty. Circ. Ct.), ECF No. 24-7 at PageID 482.) Although the post-conviction petition did not elaborate on the nature of the due process claim, the citation in the reply brief to *Santobello v. New York,* 404 U.S. 257 (1971), was arguably sufficient to alert the TCCA to the basis of the claim. (*See* Reply Br. at 6, *Harris v. State,* No. W2011-01578-CCA-R3-PC (Tenn. Crim. App.), ECF No. 24-10 at PageID 605.)[3]

---

[3] The Court is not persuaded by the fact that Harris might have raised a federal claim in his petition for re-hearing filed with the TCCA after the denial of the appeal of the second post-conviction petition. (*See* Mot. to Alter or Amend J. at 3, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 66 (quoting Pet. for Re-Hearing at 2, *Harris v. State,* No. W2011-01578-CCA-R3-PC (Tenn. Crim. App.), ECF No. 24-12 at PageID 613.) The

Therefore, the Court GRANTS this aspect of Harris' motion. The dismissal order (ECF No. 62) is MODIFIED to eliminate the conclusion that Harris did not present claim two to the state courts as a federal constitutional issue.[4] Harris is still not entitled to relief on claim two for the remaining reasons stated in the dismissal Order (Order at 27-28, 30-38, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 62), including that claim two was not presented in the Petition as arising under the United States Constitution.

Next, the inmate represents that "the court determined the petitioner is not entitled to relief because the prosecution did not breach the plea agreement." (Mot. to Alter or Amend J. at 4, *id.*, ECF No. 66.) Harris points to evidence in the state-court record that the State asked for the entry of an amended judgment incorporating the lifetime community supervision condition. (*Id.* at 4-6.)

Petitioner has provided no citation to a specific page of the dismissal order for the proposition that the Court found that "the prosecution did not breach the plea agreement." The Court did not address whether the modification of the judgment for the aggravated rape conviction breached the plea agreement. Instead, the Court addressed only the federal constitutional issue in claim two—namely, whether the guilty plea was not voluntary and intelligent because Harris was not advised that he would be subject to mandatory lifetime community supervision on the

---

scope of review on a petition for rehearing is limited and does not encompass new grounds for relief. *See* Tenn. R. App. P. 39(a). That filing would not constitute a fair presentation of the issue to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (a claim has not been fairly presented to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered").

[4] The discussion of this point spans pages twenty-eight through thirty of the dismissal order, beginning with the words "Second, even if Claim 2 were construed" on page twenty-eight and continuing through the words "fairly present a federal constitutional claim to the state courts" on page thirty.

aggravated rape conviction. (*See* Order at 30-38, *Harris v. Lee,* No. 1:12-cv-01204-JDB-egb (W.D. Tenn.), ECF No. 62.)

> Next, Harris argues that
>
>> on the date the plea agreement was breached by the state. The trial court and this court is [sic] required to order the case returned to the stage before the entry and acceptance of the guilty plea. This is consistent with *Santobello,* which establishes, "any" breach of the contract fouls the remainder. The state breached the contract and the convicting court entered judgment based upon such breach. Thus, given rise to the collatral [sic] challenge. Equitable tolling is mandated here. It is the action[s] of the prosecution that triggered these events. By standing before the court requesting and receiving additional punishment. They "the prosecution" tolled the statuet [sic] of limitations period.

(Mot. to Alter or Amend J. at 6, *id.*, ECF No. 66.)

In the dismissal order, the Court held that the decision of the TCCA on the second post-conviction appeal was not contrary to, or an unreasonable application of, *Santobello v. New York*. (Order at 33-35, *id.*, ECF No. 62.) Harris does not address this portion of the dismissal order and, instead, simply repeats his previous argument that he is entitled to relief on a showing of any breach of the plea contract. Nothing in Harris' motion persuades the Court that its order denying relief on this aspect of claim two was in error.

Finally, Harris notes that the Court failed to address his motion for summary judgment, which had been mailed on June 15, 2015. (Mot. to Alter or Amend J. at 6-7, *id.*, ECF No. 66.) The motion for summary judgment was received by the Clerk on June 19, 2015, the same day that the dismissal order was entered. It was not docketed until after entry of the dismissal order. (*See* Mot. for Summ. J., *id.*, ECF No. 63.) The Court did not issue an order on the summary judgment motion because its order dismissing the Petition on the merits rendered the summary judgment motion moot.

## IV. CONCLUSION

For the foregoing reasons, Harris' motion is without merit except insofar as he asks the Court to reconsider that portion of its dismissal order that held that claim two was not exhausted as a federal constitutional claim in state court. Because that modification to the dismissal order does not alter the fact that Harris is not entitled to relief on the Petition or require the issuance of a new judgment, the motion to alter or amend Judgment is DENIED.

IT IS SO ORDERED this 23rd day of November 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE